**SIGNED THIS: May 04, 2006**

_____
**MARY P. GORMAN**
**UNITED STATES BANKRUPTCY JUDGE**
_____

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| In Re | ) | |
| | ) | In Bankruptcy |
| ARIC SVEN, | ) | |
| | ) | Case No. 05-74660 |
| Debtor. | ) | |

## O P I N I O N

The issue before the Court is whether the Debtor's discharge should be vacated at the request of certain creditors who want to file dischargeability complaints against the Debtor pursuant to 11 U.S.C. § 523(a)(6).

The Debtor, Aric Sven, filed a petition pursuant to Chapter 7 of the Bankruptcy Code on September 2, 2005. The Debtor is currently incarcerated in the Illinois Department of Corrections

where he is serving an eight-year sentence on his convictions for child pornography and unlawful videotaping.  The convictions arose out of a course of conduct wherein the Debtor installed pin-hole cameras in residential bedrooms and bathrooms and videotaped the victims - two adult women and two minor girls - partially or fully nude.  The victims have civil suits pending against the Debtor in the Circuit Court of Lake County, Illinois.  These victims are the creditors who now seek to have the Debtor's discharge vacated.[1]

The first meeting of creditors pursuant to 11 U.S.C. § 341(a) was set for September 28, 2005.  The notice setting the § 341 hearing states in bold letters that the deadline to file complaints objecting to discharge or to determine the dischargeability of certain debts is November 27, 2005.  Notice of the meeting of creditors and the deadlines was sent to the victims on September 4, 2005.

Neither the Debtor nor any of his creditors appeared at the § 341 meeting on September 28, 2005.  The meeting was continued to October 26, 2005.

On October 20, 2005, the Chapter 7 Trustee filed a Motion to Extend the Date of Discharge and the Date to Object to Debtor's Claim of Exemptions because the § 341 meeting had been continued

---

[1] The Court has chosen to refer to the creditors seeking relief as the "victims."  Because of the nature of the allegations against the Debtor and the fact that several of the creditors are minors, the Court sees no reason to include the creditors' names in this Opinion.

for a month.[2] The prayer for relief requested that the date of discharge be extended to December 26, 2005. The Trustee's motion did not indicate that he was requesting relief for all creditors and the motion did not refer to dischargeability complaints. On October 26, 2005, the Court entered an Order Extending Time to File Complaints. The Order provided as follows:

> **NOW, THEREFORE, IT IS ORDERED that the deadline to file complaint(s) marked below with an X is hereby extended to December 26, 2005.**
>
> X    Complaint objecting to Discharge of Debtor
>
>      Complaint to Determine dischargeability of certain types of debt

The meeting of creditors scheduled for October 26, 2005, was continued to November 23, 2005. Again, the Debtor did not appear because of his incarceration. Also, no creditors appeared.

On November 16, 2005, the Trustee filed a second motion to extend the discharge date and the date to object to the Debtor's

---

[2] The Court notes that the Trustee did not properly caption his request. The Trustee's motion should have been captioned as seeking an extension of time to file a complaint objecting to discharge. *Fed.R.Bankr.P. 4004(b)*. An objection to discharge must be filed within 60 days of the initially scheduled first meeting of creditors or during any extended period granted by the Court. *Fed.R.Bankr.P. 4004(a)*. Once those periods of time have expired, an objection to discharge is time-barred even if the discharge order has yet to enter.

claim of exemptions.  The motion was based on the continuance of the § 341 hearing.  The Court requested an order from the Trustee allowing his motion and notified the Trustee that the order was due by December 1, 2005.  No order was ever submitted by the Trustee and, therefore, no order allowing the Trustee's motion to extend was ever entered.

On November 28, 2005, the Trustee filed a motion to dismiss based on the Debtor's failure to appear at a § 341 meeting.  The Trustee also noted that the Debtor's bankruptcy petition and schedules had been signed by a power of attorney.  On December 11, 2005, the Debtor filed amended pleadings with his original signature.

The Debtor was finally examined by the Trustee at a § 341 meeting on January 11, 2006.  The Debtor appeared telephonically.  Because no creditors appeared at previously scheduled § 341 meetings, the Trustee did not send notice of the January 11 meeting to creditors.

During a telephone conference status call with the Court on January 12, 2006, the Trustee withdrew his motion to dismiss.  An order allowing the withdrawal of the motion was entered on this date.  The Debtor was granted a discharge pursuant to 11 U.S.C. § 727 on February 1, 2006.

On February 3, 2006, the Trustee filed a motion to vacate the discharge and extend the date to object to discharge.  The Trustee

noted that creditors did not have notice of the telephonic § 341 meeting on January 11, 2006.  The Trustee also noted that he was still waiting for the Debtor to provide him with certain information requested at the January 11 hearing.  A hearing on the Trustee's motion was held on February 28, 2006, at which time the Trustee withdrew the motion.  An order showing the motion as having been withdrawn was entered on March 1, 2006.

On March 10, 2006, the victims filed a Motion to Vacate Discharge and Extend Time to File Complaints Excepting Debt from Discharge.  The victims allege that the conduct which was the basis of the Debtor's criminal conviction also constitutes a willful and malicious injury within the meaning of 11 U.S.C. § 523(a)(6).  The victims want the discharge vacated so that they can file their complaints to determine dischargeability of debt.  They assert that they did not file their complaints by the deadline because of the deficiencies in the Debtor's filings, the continued § 341 meetings, the Trustee's Motion to Extend Time, and the Trustee's Motion to Dismiss.

The victims rely on Bankruptcy Rules 9023 and 9024 and the equitable powers granted to the Bankruptcy Court by 11 U.S.C. § 105(a).  The victims also rely on In re Rasmussen, 417 F.3d 769 (7th Cir. 2005).  Unfortunately for the victims, none of these sources provides compelling authority for their position.

Bankruptcy Rule 9023, which incorporates by reference Federal

Rule of Civil Procedure 59(e), provides that "[a]ny motion to alter or amend a judgment must be filed no later than 10 days after entry of the judgment." Because the victims' motion was not filed within ten days of the order of discharge, Federal Rule of Civil Procedure 59(e) is not available to the victims.

Fed.R.Bankr.P. 9024 makes Federal Rule of Civil Procedure 60 applicable to bankruptcy proceedings. Rule 60(b) provides for relief from a final order for, *inter alia*, mistake, inadvertence, surprise, excusable neglect, or any other reason justifying relief from the operation of the judgment. A motion for relief from a final order of judgment filed pursuant to Fed.R.Civ.P. 60(b) must be filed within one year after the order was entered.

Rule 60(b) provides in pertinent part:

> (b) **Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, etc.** On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. . . .

In order to qualify for relief from a judgment under Rule

60(b), the victims must demonstrate that the judgment resulted from a mistake, inadvertence, surprise, or excusable neglect and that it has a meritorious defense. Ellingsworth v. Chrysler, 665 F.2d 180, 184 (7th Cir. 1981). Rule 60(b) relief is an extraordinary remedy and is granted only in exceptional circumstances. *See* Nelson v. City Colleges of Chicago, 962 F.2d 754, 755 *citing* CKS Engineers, Inc. v. White Mountain Gypsum Co., 726 F.2d 1202, 1205 (7th Cir. 1984).

The Seventh Circuit has held that Bankruptcy Rule 9024 may be utilized to revoke or vacate a discharge under appropriate circumstances. In re Rasmussen, *supra*, 417 F.3d *at* 778. In Rasmussen, the creditor filed a complaint to determine dischargeability of debt pursuant to 11 U.S.C. § 523(a)(2), (a)(4), and (a)(6), but did not object to the debtor's discharge under 11 U.S.C. § 727. During the course of the trial, the court heard for the first time evidence regarding the debtor's unusual bookkeeping methods (she relied on memory rather than books), under-the-table cash transactions, concealment of assets, and general failure to explain her financial transactions. The court found against the creditor on the dischargeability counts, but revoked the debtor's discharge. Because the bankruptcy court did not find a basis pursuant to § 727(d) to revoke the debtor's discharge, it relied on § 105(a) for authority. The bankruptcy court allowed the plaintiff to amend its pleadings to conform to the evidence already

presented.  Id. *at* 773-74.

The District Court and the Seventh Circuit affirmed the denial of the discharge by the bankruptcy court, but the Seventh Circuit's decision did not support the theories used by the bankruptcy court to reach its result.  The Seventh Circuit found that § 727(d) provides the exclusive grounds for revocation of a discharge and that § 105(a) cannot be used to expand those grounds. Id. *at* 777-78.  The Seventh Circuit held, however, that the bankruptcy court had the power to vacate the debtor's previously-entered discharge and allow the plaintiff to amend its complaint to include a count objecting to the debtor's discharge.  Id. *at* 778-79.  Because of the pending timely-filed complaint, the provisions of Fed.R.Bankr.P. 7015 allowed the amendment to relate back, and the relief could be entered denying the discharge.  Id. *at* 776.

The victims argue that Rasmussen provides authority for this Court to vacate the Debtor's discharge in this case.  The Court disagrees.  In Rasmussen, there was a timely-filed complaint to determine dischargeability of debt.  In this case, neither the victims nor the Trustee filed timely complaints to object to the Debtor's discharge or to determine the dischargeability of debts. Moreover, the evidence which the Rasmussen court learned of for the first time at trial about the financial shenanigans of the debtor constituted grounds to deny the debtor's discharge pursuant to § 727.  In this case, there have been no allegations of false oaths,

-8-

fraudulent transfers, concealment of assets, or any other acts which would constitute grounds to revoke or deny a discharge. In Rasmussen, the integrity of the bankruptcy system was at issue. In this case, the Debtor committed reprehensible acts, but those acts did not impugn the integrity of the bankruptcy system.

Here, the victims do not seek to vacate the Debtor's discharge in order to amend a timely-filed complaint, as was done in Rasmussen. Rather, the victims seek to vacate the discharge order under the apparent misunderstanding that vacating the discharge order would provide them with the opportunity to now file their complaints to determine dischargeability. Bankruptcy Rule 4007(c) provides that "[a] complaint to determine the dischargeability of a debt under § 523(c) shall be filed no later than 60 days after the first date set for the meeting of creditors under § 341(a)." Pursuant to this Rule, the victims were notified that the last date to file dischargeability complaints under § 523(c) was November 27, 2005. Any motion to extend the filing deadline had to be filed before that date. Fed.R.Bank.P. 4007(c); *see also* Fed.R.Bankr.P. 9006(b)(1) and (3). The victims did not file timely dischargeability complaints, nor did they file timely requests for an extension of time to file their dischargeability complaints. Under these circumstances, the Court does not have the authority to enlarge the time to file the complaints even if the discharge order is vacated. In re MacKay, 324 B.R. 566, 569 (Bankr. M.D. Penn.

2005); In re O'Shaughnessy, 252 B.R. 722, 731 (Bankr. N.D. Ill. 2000).

The victims' reliance on the Court's equitable powers under 11 U.S.C. § 105(a) is also misplaced.  The Seventh Circuit made it clear that a bankruptcy court does not have authority under § 105(a) to revoke a discharge.  Rasmussen, *supra*, 417 F.3d *at* 778. No authority has been cited to support the contention that § 105(a) provides a basis to vacate a discharge or extend the deadline to file complaints to determine dischargeability when the specific rules governing the time for filing such complaints have been ignored.

The victims have raised several other arguments in support of their position, but the Court finds that these arguments are red herrings - they sound compelling at first, but are really designed to distract the focus of the Court from the victims' own failures. For example, the victims assert that the Order entered October 26, 2005, which extended the deadline to file a complaint objecting to the discharge of the Debtor to December 26, 2005, was vague and confusing.  Although the Court rejects the argument and believes that the Order is clear on its face, the entire discussion is irrelevant.  Because the victims failed to file either a complaint to determine dischargeablity or a motion for a further extension of time before December 26, 2005, it makes no difference whether the original extension of time to that date included an extension for

the victims and their proposed complaint.

Likewise, the victims complain that they did not receive notice of the telephonic creditors' meeting. But, by the time of that meeting, the victims had already missed the previously-set deadlines. The rescheduling of the creditors meeting did not change those deadlines. In re Gordon, 988 F.2d 1000, 1001 (9th Cir. 1993); In re Datson, 197 B.R. 1, 3, (D. Maine 1996). Notice of the meeting and participation in the meeting by an attorney for the victims would not have resulted in the already-expired deadlines being extended.

For reasons unknown to the Court, the victims and their attorneys took no action to preserve the victims' rights in this case. Although they received timely notice of the deadlines, the victims never filed their complaints, nor did they seek extensions of time to do so. No attorney ever entered an appearance on their behalf until after the discharge was entered. There is no basis to grant the victims the relief which they seek.

For the foregoing reasons, the Motion to Vacate Discharge and Extend Time to File Complaint Excepting Debt from Discharge is denied.

This Opinion is to serve as Findings of Fact and Conclusions of Law pursuant to Rule 7052 of the Rules of Bankruptcy Procedure.

See written Order.

###